UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark MANUEL, Defendant–Appellant.

No. 01–50161.

D.C. No. CR–00–00320–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.[*]

Decided Jan. 2, 2002.

R.App. P. 34(a)(2).

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM **

Mark Manuel appeals his 10–month sentence imposed following a guilty plea conviction for Making False Entries, in violation of 18 U.S.C. § 1005. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

■ Manuel challenges the district court's calculation of his offense level under Sentencing Guidelines § 2F1.1, and contends that the district court erred when it considered two non-sufficient funds (NSF) checks "relevant conduct" under Guidelines § 1B1.3 because his actions with regard to the NSF checks were not illegal and even so, it was not foreseeable that the two checks would be returned unpaid. We review for clear error, *United States v. Hahn,* 960 F.2d 903, 907 (9th Cir.1992), and conclude that this contention lacks merit.

The record shows that Manuel, in his capacity as a bank officer, regularly provided Robert Youn with thousands of dollars in cash, before receiving covering funds, over a period of four or five months prior to July 22, 1999, and that his offense of conviction was a result of his attempt to avoid detection for those activities. Although each transaction did not result in a loss to the bank, they were nonetheless illegal and Manuel's actions with regard to the NSF checks are no exceptions despite his lack of foreseeability claim. *See* 18 U.S.C. § 656 (imposing criminal liability on an officer of a bank who "embezzles, abstracts, purloins or willfully misapplies any of the money, funds or credits of such bank"); *United States v. Alcantar,* 832 F.2d 1175, 1178 (9th Cir.1987) (affirming conviction under 18 U.S.C. § 656 where defendant issued cashier's checks before receiving covering funds, and concluding lack of intent to harm a bank or affirmative steps to protect a bank was no defense). The district court, therefore, properly considered the two NSF checks relevant conduct and correctly applied the loss attributed to those checks to Manuel's base offense level. *See* U.S.S.G. § 3D1.2(d) (requiring grouping of offenses covered by section 2F1.1); U.S.S.G. § 1B1.3(a)(2) (stating, with respect to grouped offenses, all acts and omissions part of the same course of conduct or

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

common scheme as the offense of conviction constitute relevant conduct); U.S.S.G. § 2F1.1, comment (n.7) (stating cumulative loss produced by common scheme or course of conduct should be used in determining base offense level).

■ We also reject Manuel's contention that the district court erred when it ordered restitution for the loss produced by the two NSF checks because his plea agreement explicitly stated that restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges. *See* 18 U.S.C. § 3663(a)(3) ("The court may ... order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."); *United States v. Soderling,* 970 F.2d 529, 533 (9th Cir.1992) (holding that restitution may be ordered beyond the offense of conviction if the defendant agrees to such in a plea agreement).

**AFFIRMED.**